

**U.S. Department of Justice**

*Andrew E. Lelling*
*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*     John Joseph Moakley United States Courthouse
1 Courthouse Way
Suite 9200
Boston, Massachusetts 02210

April 9, 2019

**By Docketing & Email**

Honorable Patti B. Saris
United States District Court
Moakley Courthouse
One Courthouse Way, Suite 2300
Boston, MA 02210

    Re:    College Admissions Prosecutions, No. 19-MC-91134-PBS

Dear Chief Judge Saris:

    By letter of today, you asked my office to respond to a letter sent to you by defense counsel representing certain defendants in the recently filed college admissions cases.

    Defense counsels' letter is procedurally inappropriate and disingenuous. They invite you to circumvent federal procedural criminal law by altering the judicial assignment process to suit their preferences and/or preemptively ruling on joinder and severance issues. As made clear in the government's indictments and complaint affidavit, the government has asserted a straightforward conspiracy among William Singer, his associates, college coaches and various parents of college applicants.[1] In this context, seeking superseding indictments to add co-conspirators is routine, as is post-indictment litigation of issues concerning joinder and severance of defendants and claims. Like all litigants, counsel will be free to air all relevant arguments in a proper, public, judicial proceeding governed by the Federal Rules of Criminal Procedure.

    I assume it is obvious that defense counsels' letter has nothing to do with the integrity of the judicial assignment process. Counsel wrote the letter because they do not want Judge Gorton to preside over these cases, so they have asked the Court to manipulate the judicial draw under the guise of protesting manipulation of the judicial draw. What counsel fail to say – but of course mean – is that they want a different judge because they perceive Judge Gorton as imposing longer

---

    [1] There are two unsealed indictments to date: *United States v. Sidoo*, et al., 19-CR-10080-NMG (charging parents), and *United States v. Ernst*, et al., 19-CR-10081-IT (charging coaches and associates of William Singer). In contrast to defense counsels' claims, many of the parents do know each other. *See also, e.g., United Sates v. Abbott*, et al., 19-MJ-6087 at ¶¶ 31a, 148 (affidavit in support of complaint charging parents).

sentences in criminal cases than other judges in this district; if this matter had been drawn to a judge viewed as more favorable to the defense, counsel would not have sent the letter. Thus, they want you to take the unprecedented step of removing a case (*United States v. Sidoo,* et al.) from a judge who has already drawn it simply because, in defense counsel's view, another draw would benefit their clients.

This morning's letter was inappropriate – a "Hail Mary" by people who know better and who appear to have leaked the letter to the press right after sending it to you. I am a veteran federal prosecutor. I take seriously this office's ethical obligations and the obligation to be fair in both appearance and substance. That is how we have proceeded in this case.

Sincerely,

Andrew E. Lelling
United States Attorney

cc:   Honorable Nathaniel M. Gorton