UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Criminal No. 19-10080-NMG

UNITED STATES OF AMERICA

v.

DAVID SIDOO

### ORDER RE CONFLICT OF INTEREST

July 25, 2019

KELLEY, U.S.M.J.

The government moved for a hearing concerning a conflict of interest with regard to counsel retained by Mr. Sidoo (#400). Mr. Sidoo is represented by Attorney Martin Weinberg, who also represents a codefendant in this case, Robert Zangrillo.

The court held a hearing on July 16, 2019 pursuant to Rule 44(c), Fed. R. Crim. P. At the hearing, Attorney Weinberg explained why he believes the potential conflict of interest with Mr. Zangrillo is not fatal to his representation of Mr. Sidoo and stated that he had reviewed the matter of joint representation with Mr. Sidoo. At the hearing, the government agreed that any conflict of interest in the case may be waived and is not so egregious that the court should remove counsel against the defendant's wishes.

At the hearing, the court explained to Mr. Sidoo that when codefendants are represented by the same counsel, conflicts may arise that affect the quality of their representation. The court set out possible problems, for example, the fact

that joint representation might preclude one defendant from engaging in plea bargaining or otherwise interfere with a favorable disposition of the charges against that defendant. The court stressed that issues may arise that no one can foresee at this stage of the case, and if Mr. Sidoo waives his rights with regard to retaining counsel who has a conflict of interest, he is waiving his rights with regard to those unforeseen issues.

The court further advised Mr. Sidoo that he has an absolute right to be represented by counsel who does not have a conflict of interest.

Mr. Sidoo acknowledged that he is aware of the potential problems with his attorney's representation of him, he is aware that he is entitled to be represented by counsel who does not have a conflict of interest, and that present counsel has discussed the matter with him.

Notwithstanding the potential for conflicts of interest, Mr. Sidoo still wishes to be represented by present counsel.

This court finds and concludes that Mr. Sidoo knowingly, intelligently, and voluntarily waived his right to be represented by counsel who does not have a conflict of interest.

This court accordingly concludes, pursuant to Rule 44(c), Fed. R. Crim. P., that Mr. Sidoo shall be represented by present counsel. Mr. Sidoo, at a later time, may decide to retain different counsel. Should Mr. Sidoo conclude that representation by different counsel is appropriate in the circumstances, that decision should be made promptly upon discovery of the facts warranting that decision. As explained by this court

during the colloquy with Mr. Sidoo, a judge is not obligated to continue deadlines or a trial date based upon a late decision to obtain new counsel.

Present counsel shall immediately notify this court in writing should counsel become aware of new information bearing on the question of joint representation.

　　　　　　　　　　　　　　　　　　　　 /s/ Page Kelley
　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE