UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL NO.
19-CR-10080-NMG

UNITED STATES OF AMERICA

v.

DAVID SIDOO, GREGORY COLBURN, AMY COLBURN, GAMAL ABDELAZIZ,
DIANE BLAKE, TODD BLAKE, I-HSIN CHEN, MOSSIMO GIANNULLI,
ELISABETH KIMMEL, LORI LOUGHLIN, WILLIAM MCGLASHAN, JR.,
MARCI PALATELLA, JOHN WILSON, HOMAYOUN ZADEH, ROBERT ZANGRILLO

**INTERIM STATUS REPORT**

January 17, 2020

KELLEY, U.S.M.J.

Defendants had an interim status conference on January 17, 2020. The parties filed a joint interim status report (#730). This court enters the following report and order.

A. Automatic discovery has been provided by the government. Discovery is voluminous and consists of millions of documents and audio files, among other things. The defendants are reviewing the discovery. Discovery is ongoing and the government still intends to provide a substantial amount of discovery to defendants. The government is negotiating with several defendants concerning pending discovery requests; those defendants may file motions to compel discovery in the future. There are motions for discovery that have been filed but are not yet ripe. The court will schedule hearings on these motions in February 2020.

B. The government requests reciprocal discovery. The court finds that it is premature for the court to rule on this request at this time.

C. Additional discovery motions shall be filed by March 13, 2020; oppositions are due by April 30, 2020; and reply briefs, by May 15, 2020.

D. Defendants shall file dispositive motions under Rule 12(b), including motions to dismiss the conspiracy allegations in the indictment, by April 1, 2020; oppositions are due by May 15, 2020; reply briefs are due by June 1, 2020; and the parties propose a hearing date before the District Court the week of June 15 or June 22, 2020. These dates are subject to District Court Judge Gorton's approval.

 E. The motion to dismiss previously filed by Defendants Amy and Gregory Colburn (#341) shall be deemed to have been filed by April 1, 2020, consistent with the briefing schedule set out above.

 F. The government shall provide expert discovery 90 days prior to trial and defendants, 30 days.

 G. The government tentatively estimates that a trial in this matter would take three to six weeks.

 H. With the agreement of the parties, this court finds and concludes, pursuant to the provisions of 18 U.S.C. § 3161 (h)(7)(A) that the interests of justice, i.e., review of the case, review of evidence, investigation, evaluation of discovery and dispositive motions, and consideration of alternatives concerning how best to proceed with this matter, outweighs the best interests of the public and the defendants for a trial within seventy days of the return of an indictment.

  Accordingly, it is hereby ordered that, pursuant to the provisions of 18 U.S.C. § 3161 (h)(7)(A) the Clerk of this Court enter excludable time for the period of January 17, 2020 through May 5, 2020, under the Speedy Trial Act.[1]

 **I.** **A Further Interim Status Conference has been scheduled for May 5, 2020 at 11:00 a.m.**

    / s / Page Kelley
    PAGE KELLEY
    UNITED STATES MAGISTRATE JUDGE

---

[1] The parties are hereby advised that under the provisions of Rule 2(b) of the Rules for United States Magistrates in the United States District Court for the District of Massachusetts, any party may move for reconsideration by a district judge of the determination(s) and order(s) set forth herein within ten (10) days after receipt of a copy of this order, unless a different time is prescribed by this court or the district judge. The party seeking reconsideration shall file with the Clerk of this Court, and serve upon all parties, a written notice of the motion which shall specifically designate the order or part thereof to be reconsidered and the basis for the objection thereto. The district judge, upon timely motion, shall reconsider the magistrate's order and set aside any portion thereof found to be clearly erroneous in fact or contrary to law. The parties are further advised that the United States Court of Appeals for this Circuit has indicated that failure to comply with this rule shall preclude further appellate review. See Keating v. Secretary of Health and Human Services, 848 F.2d 271 (1st Cir. 1988); United States v. Emiliano Valencia-Copete, 792 F.2d 4 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980); United States v. Vega, 678 F.2d 376, 378-379 (1st Cir. 1982); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); see also Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985).