UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No.: 19-10080-NMG |
| | ) |
| AMY COLBURN, *et. al.*, | ) |
| | ) |
| | ) |
| Defendants | ) |

**GOVERNMENT'S RESPONSE TO DEFENDANTS' MOTION TO CONTINUE APRIL 2021 TRIAL AND CROSS-MOTION TO RE-CONSOLIDATE THE PROCEEDINGS AND TO ADJOURN PRE-TRIAL DEADLINES**

The government respectfully submits this response to the defendants' motion to continue the April 2021 trial. Dkt. 1697. For the reasons set forth below, the government assents to the motion to the extent it seeks a continuance of the current trial date, but opposes the defendants' request to re-set the trial for the fall of 2021. For the reasons set forth below, the government believes that, under the current circumstances, the best alternative is to re-consolidate the proceedings and to conduct a single trial of the remaining defendants in this case in September 2021. The government has conferred with the defendants, and the defendants are reviewing the filings and may file a reply.

As the Court is aware, there are currently eight remaining defendants in this case: five who are currently scheduled for trial in April 2021, and three who are currently scheduled for trial in September 2021. A ninth defendant, William McGlashan, Jr., who was scheduled for trial in April, has entered into a plea agreement with the government, filed today. Dkt. 1716. A tenth defendant, Robert Zangrillo, who was scheduled for trial in September, was pardoned by the former President.

The government agrees with the defendants that it is not possible to conduct a trial in April 2021 given the current state of the COVID-19 pandemic. Among other reasons, the government

2

does not believe there will be a venue available to conduct a five-defendant criminal trial in April while adhering to the Court's social-distancing protocols. And although many government and defense counsel are likely to have been vaccinated before April, it is unlikely that all counsel, much less all jurors or witnesses, will have been fully vaccinated by that date.

Initially, the government considered moving to continue the trial until early June 2021. But the government is unconvinced that an additional 5 weeks will be sufficient to permit the Court to lift the social distancing protocols currently in place in order to accommodate a five-defendant trial in the Courthouse. And even if such protocols were lifted later in the summer, a mid- or late-summer trial date would leave little or no time for the government to prepare for the trial scheduled to begin with jury empanelment on September 8. Likewise, there is insufficient time to conduct a trial after the September one as the government is scheduled to try the remaining defendants in the related case of *United States v. Ernst, et al.*, before Judge Talwani, beginning on November 16.

For those reasons, the government respectfully submits that the best alternative is to re-consolidate the proceedings, and to try the remaining eight defendants in a single proceeding in September 2021.[1] Such an approach would be consistent with the Court's pre-COVID plan to conduct one trial of six defendants, and another trial of eight. And the government believes it is possible, given current expectations for vaccine distribution, that social-distancing protocols will have been lifted by September, thus allowing for a multi-defendant trial.[2]

---

[1] Although the government shares this Court's desire to move forward with the trial of these cases, another alternative would be to continue the trial of the moving defendants until date in or after March 2022.

[2] In the government's view, if the Court's social distancing protocols are lifted such that a three-defendant trial is possible, an eight-defendant trial also should be possible. In addition, the government is continuing to engage defendants in plea negotiations, and it is possible that the number of defendants who elect to proceed to trial will ultimately be less than eight. The

In connection with this motion, the government respectfully moves to continue the deadlines for pre-trial disclosures and motions *in limine*.[3]  The defendants assent to this request.

Respectfully submitted,

ANDREW E. LELLING
United States Attorney

By:     */s/ Stephen E. Frank*
             Justin D. O'Connell
             Leslie A. Wright
             Kristen A. Kearney
             Karin M. Bell
             Stephen E. Frank
             Assistant United States Attorneys

Date: February 5, 2021

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants .

*/s/ Stephen E. Frank*
Stephen E. Frank
Assistant United States Attorney

Date: February 5, 2021

---

government believes it may be appropriate, in the event the trials are consolidated, to schedule a status conference in June to discuss trial logistics.

[3] The government notes that, to date, only one of the moving defendants has produced reciprocal discovery in compliance with the Court's deadline of January 25, 2021.