UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | )  Criminal No.: 19-10080-NMG |
| | ) |
| GAMAL ABDELAZIZ, *et al.*, | ) |
| | ) |
| Defendants | ) |

**GOVERNMENT'S PRETRIAL MEMORANDUM**

The government respectfully submits this memorandum in advance of the final pretrial conference on August 18, 2021.

1.  **Duration of Trial**. The government has worked assiduously to streamline the presentation of the evidence in this case. As a result, and in light of the recent pleas of two defendants, the government now estimates that its case-in-chief will last between two and three weeks (assuming full trial days), including a reasonable allowance for cross-examination. This estimate assumes that the defendants stipulate to the authenticity of certain records, which would obviate the need to call multiple authentication witnesses. The government agrees with the defense that "the need to call a parade of record-keeper witnesses[] will unnecessarily prolong the trial." Dkt. 2092. Unfortunately, the parties have not, to date, reached such an agreement. The defendants have indicated that they will object to the authenticity of certain records unless the government calls Rick Singer as a witness.[1] The government has advised the defendants that it is

---

[1] Accordingly, because the government has not yet determined whether it will call Singer as a witness, the government intends shortly to file a notice and motion with respect to the pre-authentication of Title III intercepts, voicemail messages seized from Singer's telephone, and emails seized pursuant to Court-authorized search warrants from Singer's account and those of two of the defendants. Granting this motion would eliminate the need to call at least five separate authentication witnesses, including several from out-of-state. The government has also requested that the defendants stipulate to the authenticity of emails produced by defendant Palatella's company, and text messages produced by her neighbor. This stipulation would eliminate the need

willing to stipulate to the authenticity of numerous documents, but has declined to stipulate to certain "broad categories" the defendants have proposed, *id.*, including "[d]ocuments obtained from the internet," "[d]ocuments produced by any third party in response to a defense subpoena," and, more generally, documents the defense has not produced or identified to the government.

2. **Length of Openings**.  The government proposes time limits of 45 minutes for the government's opening and 30 minutes for each of the defendants.

3. **Witness Order**.  The government proposes that the parties provide each other the anticipated order of their witnesses no later than 6 pm two days in advance.

4. **Summary Charts**.  The government proposes that the parties provide each other drafts of any summary charts by at least 5 pm five days before they plan to use such chart.

5. **Electronic Presentation of Evidence.**  The government intends to present its evidence in electronic format using Trial Director.  The government anticipates that Jennifer Lewis, a paralegal with the U.S. Attorney's Office, will operate Trial Director and will also be available to assist defense counsel with the presentation of government exhibits.

6. **Sequestration Order.**  The government requests that its case agents, summary witnesses, and the IRS revenue agent be exempt from any sequestration order.

7. **Jury Binders.**  The government intends to prepare binders that it will seek to provide the jury, which will include transcripts of any audio evidence that will be presented at trial.

---

to call two additional witnesses who would be required to travel from California.  The parties have discussed a stipulation concerning the authenticity of USC emails.  If that stipulation does not occur, the government will also seek to pre-authenticate those emails, in lieu of calling a keeper of records from USC.

8. **Use of PowerPoint Presentation.** With the Court's permission, the government intends to use PowerPoint presentations during its opening statement and closing argument, which will allow for a more efficient presentation of the evidence.

Respectfully submitted,

NATHANIEL R. MENDELL
Acting United States Attorney

By: */s/ Stephen E. Frank*
JUSTIN D. O'CONNELL
KRISTEN A. KEARNEY
LESLIE A. WRIGHT
STEPHEN E. FRANK
IAN J. STEARNS
Assistant United States Attorneys

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

*/s/ Stephen E. Frank*
STEPHEN E. FRANK
Assistant United States Attorney